# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| PATRICIA LOPEZ, | * | |
| | * | No. 20-223V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: November 19, 2020 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Dismissal; show cause; equitable |
| | * | tolling; discriminatory treatment; |
| | * | statute of limitations. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

<u>Christopher Lee Phillippe</u>, Christopher Lee Phillippe, PC, Brownsville, TX, for petitioner;
<u>Emilie Williams</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DISMISSING CASE[1]

     Ms. Lopez alleges that she received an influenza vaccination on September 15, 2015. Pet., filed Feb. 27, 2020, ¶ 4. Ms. Lopez further alleges that she developed shoulder problems within 48 hours of vaccination. Id. ¶¶ 6-7, 14. Ms. Lopez claims compensation for her shoulder injury related to vaccine administration ("SIRVA"). Id. ¶ 11.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Lopez filed the present action beyond the time permitted by the statute of limitations. Although given an opportunity to explain why her case should continue despite its untimeliness, Ms. Lopez has not presented any persuasive argument. Thus, the case is dismissed.

## Background

Information relevant to Ms. Lopez's pending case falls into three categories: (1) the events that happened to her, (2) the procedural history in the first case, and (3) the procedural history in the pending case.

### Events for Ms. Lopez

Ms. Lopez was born on January 4, 1965. Pet. ¶ 2. There is no evidence in the record regarding her pre-vaccination health; however, petitioner states that she had no health problems involving shoulder pain or anxiety prior to her vaccination. Id. ¶ 5. Ms. Lopez received her flu vaccination on September 15, 2015. Id. ¶ 4; exhibit 1 at 2.

Ms. Lopez alleges that she began experiencing "shoulder pain, discomfort, headaches, pain, and fever due to the vaccination and SIRVA," after receiving the vaccination. Pet. ¶ 7. However, there is no evidence in the medical records of this immediate reaction. In her petition, Ms. Lopez points to exhibit 1 at page 33 to substantiate this claim, but this portion of the record covers an appointment on September 23, 2015, in which Ms. Lopez complained of cough, congestion, headache, and fever. Exhibit 1 at 33. She did not complain of shoulder injury and no shoulder injury was mentioned at this appointment. Id.

Approximately seven months after receiving her flu vaccination, Ms. Lopez was hospitalized on April 24, 2016. Exhibit 2 at 4. There, Ms. Lopez complain of chest pain and tightness, and shortness of breath. Id. The attending physician did not note any problems involving her shoulder or reference the vaccination. Ms. Lopez characterizes her chest pain and tightness as a panic attack caused by the alleged shoulder injury. Pet. ¶ 8.

Ms. Lopez was again hospitalized on May 1, 2016. She presented with "severe headaches and an acute presentation of right-sided leg flaccid paralysis and dysarthria." Exhibit 3 at 48. She also complained of issues with swallowing. Id. The attending physician noted a one-day onset of the right-sided paralysis. Id. at 4. Decreased motor function in her right arm and right leg were also noted. Id. at 10. Ms. Lopez claims that, given that the vaccination was administered in her right arm, this numbness was a result of vaccine-caused shoulder injury. Pet. ¶ 9. Ms.

2

Lopez has not filed any medical records from after this second hospital visit in May 2016.

## Procedural History in 17-365V

Ms. Lopez filed a petition, docketed as 17-384V, on March 20, 2017. Her attorney was Omar Rosales. Around this time, Mr. Rosales filed petitions for approximately 28 other people. These cases, including Ms. Lopez's case, were assigned to Special Master Hastings.

Ms. Lopez's petition was three pages in length and contained 12 paragraphs. The petition alleged that the September 15, 2015 flu vaccination caused her to suffer dizziness, anxiety disorder, and depression, which Dr. Francisca Torres diagnosed on June 6, 2016. Pet. ¶¶ 5, 7. Petitioner did not allege that she sustained a shoulder injury. Although the petition referenced medical records, Ms. Lopez did not file any exhibits with the petition. Thus, at this time, Ms. Lopez had not filed any medical records corroborating her claims.

On March 30, 2017, Special Master Hastings conducted a status conference, which was digitally recorded.[2] At the onset, Special Master Hastings informed Attorney Rosales that he expected to retire at the end of July. First Tr. 7; see also First Tr. 57. Special Master Hastings discussed that for a case in which the petitioner was alleging that a flu vaccine caused a condition not listed on the Vaccine Injury Table, the petitioner would need to get an expert report and Mr. Rosales agreed that he could submit an expert report. First Tr. 17-22. In the absence of an expert report, Special Master Hastings stated that he would be inclined to find that all of Mr. Rosales's cases lacked a reasonable basis. First Tr. 28. Attorney Rosales stated that he would find experts to supplement the petitioner's position on causation. First Tr. 30. Special Master Hastings again counseled that the petitioners had to have some proof of causation. First Tr. 44-50.[3]

---

[2] The Secretary filed the transcript from this status conference as part of the appendix to a motion to dismiss, pages 25-50, in Machuca. Each page of the appendix reproduces four pages of the miniscript transcript. For example, transcript pages 5-8 are appendix page 26. This decision cites to specific pages of the transcript as "First Tr."

[3] It appears that in all of the 28 cases assigned to Special Master Hastings, the petitions sought compensation for injuries not listed in the Vaccine Table. Thus, the petitioners would be required to establish causation-in-fact.

The order from this status conference was consistent with the oral statements during the status conference. The order explained that the cases Attorney Rosales had filed "at first glance, do not include allegations that would be sufficient to establish entitlement to a Program award or even to establish a 'reasonable basis' for the case sufficient to justify an award of attorneys' fees or costs for filing the cases." Order, issued March 30, 2017. Accordingly, Special Master Hastings stayed the case for 180 days to allow counsel to investigate the vaccinee's medical history and to determine whether evidence could support an allegation that a vaccine harmed petitioner.

Special Master Hastings subsequently modified the March 30, 2017 order. Instead of requiring Attorney Rosales to investigate 28 cases in 180 days, Special Master Hastings directed Attorney Rosales to investigate 8 cases in 60 days. Ms. Lopez's case was one of those eight cases that Special Master Hastings directed Attorney Rosales to advance. Accordingly, Mr. Rosales was directed to determine whether he wanted the case to proceed by June 26, 2017. In the cases that were proceeding, the petitioner was ordered to file an amended petition and all medical records. Order, issued April 26, 2017.

For two of eight cases Special Master Hastings had advanced in the April 26, 2017 order, Special Master Hastings conducted another status conference on June 21, 2017.[4] In those cases, before the status conference, Mr. Rosales amended the petition and included an allegation of SIRVA.[5] The topics discussed during the status conference implicate and foreshadow some of the issues raised in the current case. Thus, extensive quotations follow. Special Master Hastings questioned the basis for a SIRVA claim:

> But there was absolutely no evidence in either record that
> the Petitioner ever suffered from SIRVA. And SIRVA is
> a pretty distinctive thing . . .
>
> I find it really highly strange that SIRVA wasn't alleged
> in the original petition, either one, and then was just
> alleged in the -- in the amended petition in each of those
> cases. And then when I looked at the records, there was

---

[4] The transcript for the June 21, 2017 status conference is cited by transcript page as "Second Tr."

[5] Effective March 21, 2017, the Secretary amended the Vaccine Injury Table to associate SIRVA with vaccines. 82 Fed. Reg. 113201 (Feb. 22, 2017).

> just no -- still no -- no record to indicate that they ever had any signs of SIRVA or that any of their other symptoms were ever judged to be vaccine-caused by a physician.

Second Tr. 4.  Special Master Hastings elaborated that SIRVA cases are based upon medical records:

> You [Mr. Rosales] alleged SIRVA but there's no evidence of it. . . . [Shoulder injuries] are really easy to see in the medical records themselves.  The person comes back a day later, two days later, and their shoulder is all swollen up and they can't move it.  That's very – those are almost very clear from the medical records.  That doesn't seem to be the case in either [of the two cases under discussion] unless I missed some medical records.

Second Tr. 12.

Partially in response, Mr. Rosales commented that Special Master Hastings was not evaluating the cases fairly.  He stated:

> [I]t feels like you're placing my clients, you know, under a different microscope.  And I'm just asking that my clients be treated fairly, judge.  Just because they're poor, just because they're indigent and Hispanic doesn't mean they should be treated differently, Your Honor.

Second Tr. 16.

Special Master Hastings responded, outlining what petitioners need to establish.

> Well, I'm sorry I hurt your feelings, and I can guarantee you that – that there has been no discrimination.  It has nothing to do with them being Hispanic.  There's no – there's no discrimination.  I certainly reject that – that suggestion, too.
>
> But, you're going to have to – you need – you need some proof that a vaccine caused an injury . . . and the injury lasted six months or longer.

5

Second Tr. 16. In direct response, Mr. Rosales stated:

> [W]e will get the expert reports for those cases you identified, Your Honor, and I've assembled all the medical records, so it paints a much better picture. We'll review those things, Your Honor, absolutely.

Second Tr. 16.

Special Master Hastings accepted Mr. Rosales's effort to review the cases. Special Master Hastings stated:

> So I encourage you to take – to take a look at your 28 cases and – and punt on the ones that don't have – that you can't find any real connection. And if there's any that you can find a real connection, then concentrate on litigating those.

Second Tr. 18.

Within a week of the June 21, 2017 status conference, Mr. Rosales filed a status report in Ms. Lopez's case, announcing her intention to file medical records, to amend the petition to allege SIRVA, and possibly to obtain an expert. Given Ms. Pedraza's later argument regarding equitable tolling, her representations regarding an expert are important to document. She stated: "After further review, if the Court determines that an Expert report is necessary to substantiate and augment the claim, Petitioner's counsel will hire an expert and provide the Court with the expert's opinion within 30 days of the Court's order." Pet'r's Status Rep., filed June 26, 2017, ¶ 5.

Special Master Hastings found that the June 26, 2017 status report, which announced an *intention* to file documents, did not comply with the April 26, 2017 order, which required the *filing* of documents. However, Special Master Hastings allowed petitioner until July 10, 2017, to file the required documents.

On July 10, 2017, Ms. Lopez filed a set of medical records (exhibits 1-3). CM/ECF 11. On that same day, Ms. Lopez filed an amended petition. The amended petition states that Ms. Lopez "developed SIRVA" and, due to the vaccination and SIRVA, she "experienced severe shoulder pain, discomfort, headaches, pain, and fever." Id. ¶¶ 6-7.

Special Master Hastings directed Ms. Lopez to obtain a report from a reputable and qualified medical doctor opining that she "suffered a *specific* vaccine-caused injury, and *explaining such opinion in detail*." Order, issued July 11, 2017. This order set the deadline as August 11, 2017. The order continued that if counsel did not file such an expert report, "***the case will be dismissed for failure to prove a vaccine-caused injury.***" Id.

The recounting of the procedural history of case 17-365V must pause. Information from the pending case (docket 20-223V) shows that Ms. Lopez obtained a report from Mark Levin, a doctor board-certified in internal medicine and oncology. Dr. Levin's report is dated July 14, 2017.

Without filing Dr. Levin's report in case 17-365V, Attorney Rosales submitted a one-sentence document on August 14, 2017. This document states, "Petitioner files this notice of voluntary dismissal in accordance with Rule 21(a)(1)(A)."[6]  Pet'r's Notice.

In accord with this notice, on August 14, 2017, Special Master Hastings issued an order concluding proceedings in case number 17-365V. In accordance with Rule 21(a)(1)(A), Special Master Hastings directed the Clerk not to enter Judgment. Ms. Lopez did not seek attorneys' fees or costs. Although not noted in the docket, Special Master Hastings retired from the Office of Special Masters in September 2017.

<u>Procedural History in 20-223V</u>

Represented by Attorney Christopher Phillippe, Ms. Lopez filed the pending case on February 27, 2020. With her petition, Ms. Lopez filed 6 exhibits. Exhibits 2-3 appear to match exhibits 2-3 filed in the previous case. Exhibit 1 is Ms. Lopez's vaccination records. Exhibit 4 is labeled as Ms. Lopez's affidavit; however, it appears that a medical record from the Mr. Phillippe's Villafranca case (20-224V) was erroneously filed in its place. Exhibit 5 is the July 14, 2017 report from Dr. Levin. Exhibit 6 is Dr. Levin's CV.

The February 27, 2020 petition begins with a recitation of events in Ms. Lopez's life and the recitation in paragraphs 1-16 is similar to (but not identical to) the recitation of events in the July 10, 2017 amended petition from the previous

---

[6] For Voluntary Dismissals, Vaccine Rule 21(a)(1) provides: "Petitioner may dismiss the petition without order of the special master of the court by filing:
   (A) a notice of dismissal at any time before service of respondent's report."

7

case. The February 27, 2020 petition then adds a request for equitable tolling on the basis that Special Master Hastings had previously required an expert report for a SIRVA claim. See Pet. ¶¶ 17-20.

The undersigned discussed how to resolve the equitable tolling issue in a status conference held on March 3, 2020. The undersigned stayed proceedings in this case to allow the parties to make arguments in a similar case, Machuca v. Sec'y of Health & Human Servs., No. 20-18V. Order, issued March 3, 2020.

After the parties submitted arguments, the undersigned dismissed Machuca in a decision, issued July 17, 2020. Machuca v. Sec'y of Health & Human Servs., No. 20-18V, 2020 WL 4670877 (Fed. Cl. Spec. Mstr. July 17, 2020). The critical issue in Machuca was whether the petitioner could take advantage of the doctrine of equitable tolling to proceed on an action that the statute of limitations would otherwise bar. The undersigned rejected the petitioner's reliance on equitable tolling because she failed to establish diligence nor extraordinary circumstances. Petitioner could not establish diligence because she possessed Dr. Levin's report for months before she filed it. Petitioner could not establish extraordinary circumstances for multiple reasons including (1) the requirement to file an expert report was not burdensome because petitioner had a report from Dr. Levin, (2) given the factual circumstances, an expert report was statutorily required, (3) petitioner's attorney took no steps to oppose Special Master Hastings's order for petitioner to file an expert report, and (4) petitioner did not present any basis for concluding that Special Master Hastings discriminated against her on the basis of her national origin. Ms. Machuca, whom Attorney Rosales represented, did not file a motion for review.

In the present case, the undersigned issued an order for Ms. Lopez to show cause as to why her case should not be dismissed after Machuca. Ms. Lopez filed a response to the order to show cause on August 24, 2020.

## Analysis

Here, Ms. Lopez's response to the order to show cause does not assert any argument regarding the statute of limitations or equitable tolling. Instead, Ms. Lopez presents a procedural argument, maintaining that the Secretary should first file a motion to dismiss and/or a report pursuant to Vaccine Rule 4. Ms. Lopez adds that a requirement that she respond to an order to show cause reflects discriminatory treatment of her based upon her national origin.

Ms. Lopez's arguments are unpersuasive for several reasons. Ms. Lopez has cited no authority that suggests that enforcement of statutes of limitations can amount to unconstitutional discrimination. Further, she does not argue that she was not aware of the basis for potential dismissal through her attorney's participation in Machuca. Ms. Lopez also did not present any individualized argument based upon the evidence of her case that would distinguish her case from Machuca.

### Conclusion

Ms. Lopez filed the petition outside of the time permitted by the statute of limitations. She also has not shown that equitable tolling is appropriate based upon the evidence. The Clerk's Office is instructed to issue judgment in accord with this decision unless a timely motion for review is filed.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master